THE PEOPLE OF THE STATE OF ILLINOIS, on the relation of Martin Ballou, Appellant, v. MARK BANGS, Appellee.

### APPEAL FROM MARSHALL.

While the General Assembly has power, under the constitution, to create additional judicial circuits, and may also change counties from one circuit to another, it cannot so change them as to deprive a judge of his office, or to authorize the election of another in his stead.

Though a judge elected under a law not authorized by the constitution, shall be ousted because he is not an officer *de jure*, yet his acts *colore officii* will be valid.

THIS was an information in the nature of a *quo warranto*, filed in the Marshall Circuit Court, May term, 1859, by the state's attorney, on the relation of Martin Ballou, against Mark Bangs. The facts are set forth in the following agreed case between the parties:

It is agreed by the parties in this cause, that under and by virtue of the provisions of an act, entitled "An act to establish the twenty-third judicial circuit, and to fix the time for holding courts in the ninth judicial circuit," approved February 10th, 1857, at a regular election for judge and state's attorney for the twenty-third judicial circuit, held in the counties of Bureau, Putnam and Marshall, in said State, on the 14th day of March, A. D. 1857, Martin Ballou, the relator, was duly elected to the office of judge of the said twenty-third judicial circuit, and that in pursuance of his said election, afterwards, to wit, on the 31st day of March, A. D. 1857, he was duly commissioned by the governor of said State as judge of said judicial circuit, and that thereupon, on the fourth day of April, in the year last aforesaid, the said Ballou duly qualified himself, by subscribing and taking the several oaths in manner and form as required by the constitution and laws of said State, and that he thereupon entered upon the discharge of the duties of said office, and that he has discharged the duties thereof from that time until the present time, and now still claims to hold said office.

That at the time of said Ballou's election as aforesaid, he then did reside, and for more than five years prior thereto had resided in said Bureau county, at which place he ever since has resided, and still does reside.

That at an election for judge and state's attorney for the twenty-third judicial circuit, held in the counties of Putnam, Marshall, and Woodford, on the fifth day of April, A. D. 1859, under and by virtue of the provisions of an act, entitled "An act to repeal a certain act herein named, and to establish the twenty-third judicial circuit," approved February 11th, 1859, said defendant, Mark Bangs, was elected to the office of judge

of the twenty-third judicial circuit, in said State; that in pursuance of his said election, he was thereupon commissioned by the governor of said State, as such judge, and duly qualified by subscribing and taking the several oaths in manner and form required by the constitution and laws of said State, and entered upon the discharge of the duties of said office, and still exercises the duties thereof, and at the time of the filing the information in this cause, he was executing the duties and rights of said office.

That at the time of the election of said Bangs as aforesaid, he then did reside, and for more than five years prior thereto, had resided in said Marshall county, at which place he ever since has resided, and still does reside.

Now it is hereby agreed to submit this cause to the court here on the foregoing stated facts, to be decided in the same way as if the cause was now at issue by due form of pleading, the said defendant entering his appearance in this cause, and waiving process and service thereof, and also waiving all questions of form, either in relation to the mode of proceedings or otherwise.

Now, if the court shall be of opinion that the defendant, Mark Bangs, is legally and rightfully judge of the said twenty-third judicial district of said State, then the court is to decide the cause in favor of said defendant, and against the relator for costs — but if the court shall be of opinion that said defendant, Mark Bangs, is not legally and rightfully judge of the said twenty-third judicial circuit, and that said relator is legally and rightfully judge of said twenty-third judicial circuit, then the court is to decide against said defendant, and in favor of said relator, and give judgment of ouster against said defendant, and for costs.

It is further agreed, that either party may take an appeal from such judgment, to the Supreme Court, upon his own bond, without other security.

MARTIN BALLOU.
MARK BANGS.

The court below gave judgment for the defendant, and against the relator for costs.

LELAND & LELAND, for Appellant.

H. M. AND J. J. WEAD, for Appellee.

CATON, C. J. While it is the duty of the court to sustain a law passed by the legislature, unless the law is manifestly in violation of some provision of the constitution, yet we cannot

wink at the violation or evasion of that instrument, no matter in what emergency, or from what supposed necessity the law may have been passed. We were led to consider somewhat the provisions of this law, in the case of *The People ex rel. Ballou* v. *Dubois*, 23 Ill. R. 547, where we said that the legislature could not, by the passage of any law, turn a circuit judge out of office, but the question was not there presented, whether that portion of the law which required the election of another judge, was within the constitutional power of the legislature or not.

The seventh section of the fifth article of the constitution, is this : " The State shall be divided into nine judicial districts, in each of which one circuit judge shall be elected by the qualified electors thereof, who shall hold his office for the term of six years, and until his successor shall be commissioned and qualified : *Provided*, that the General Assembly may increase the number of circuits to meet the future exigencies of the State." And the fifteenth section of the same article provides : " On the first Monday of June, 1855, and every sixth year thereafter, an election shall be held for judges of the Circuit Courts : *Provided*, whenever an additional circuit is created, such provision may be made as to hold the second election of such additional judge at the regular election herein provided."

In the case above referred to, we held that it is the constitution, and not the act of the legislature, which creates the office of circuit judge. Upon this subject, the legislature is expressly authorized to do two things. One is, to increase the number of circuits ; and the other is, in the event of the creation of a new circuit, the legislature may provide that the commission of the judge first elected to supply such circuit, shall expire at the next regular election for circuit judges. So that he may hold his office in fact but two years, instead of six. We will not deny, but are prepared to hold, that, as the legislature is vested with the authority to mark out and fix the boundaries of the circuits, they may change those boundaries, by taking a county or counties from one circuit and attaching them to another, as the public exigencies may require ; and that was in fact all that was done, or could be done, in this case. One county was taken from the twenty-third circuit and attached to the ninth circuit ; and other counties were taken from another circuit and attached to this. This we hold the legislature might rightfully do. But by doing this, no *additional* circuit was created. No attempt, by a form of words or mode of expression, to abolish the old twenty-third circuit and create another of the same number, or by giving it any other number, or any other name, can change the substance of the thing, and

it is by the substance and essence of the law that it must be adjudged. What was the legislature authorized to do? The constitution says, "The General Assembly may increase the number of circuits to meet the future exigencies of the State." When the circuits are increased, then the number of circuit judges is also increased, by the constitution, to the same extent or number. Have the number of circuits been increased by this law? That is not and cannot be pretended, and hence the number of judges is not increased, and that portion of the law which provided for the election of a circuit judge was not authorized by the constitution, and the election itself was void. It gave Judge Bangs color of office, no doubt, and, acting as he did under color of office, his acts were as valid, of course, as if the law had been constitutional.

But here we are bound by a direct proceeding, to inquire further, and see whether he holds the office of judge *de jure*, and we are forced to the conclusion that he does not, thus depriving the State, as we have no doubt, of a most excellent officer. But there is a judge still remaining in office, upon whom the burthen of performing circuit duties in the twenty-third circuit still devolves, and whom the legislature have not and could not deprive of his office, by the passage of any law.

The judgment of the Circuit Court is reversed, and judgment of ouster must be entered in this court.

*Judgment reversed, and judgment of ouster entered.*