THE KING *vs.* F. J. TESTA.

On Question Reserved.

January Term, 1888.

Judd, C.J., McCully and Preston, JJ.   Bickerton and Dole, JJ., did not sit.

The Legislature of 1886 passed an Act providing that the Supreme Court shall consist of a Chief Justice and four Associate Justices, instead of, as theretofore, of a Chief Justice and two Associate Justices.   Under this Act Mr. Justice Bickerton was appointed as an Associate Justice of the Supreme Court.

The Legislature of 1887 passed an Act purporting to repeal the Act of 1886.

The Attorney-General claimed that the office of the said Justice was vacated, and that he was without jurisdiction to take the plea of the defendant.

Article 64 of the Constitution creates the Supreme Court.   Article 65 prescribes that the Justices of the Supreme Court shall hold their offices during good behavior, subject to removal upon impeachment, etc.

Held, that the tenure of office of a Justice of the Supreme Court and the method of his removal being created by the Constitution, the Legislature cannot deprive him of his office by repealing the Act under which he was appointed.

The Act of 1887 is unconstitutional and void.

Opinion of the Court, by Judd, C.J.

The question before us was reserved by Mr. Justice Bickerton as follows :

"On the third day of January instant an indictment was presented by the Attorney-General against the defendant, and was duly found a true bill by the Chief Justice.

"Subsequently, on the same morning, I took my seat on the Bench and called upon the Attorney-General to present the indictment and take the defendant's plea.

"The Attorney-General then stated that under the circumstances he must decline to present the indictment on the ground that by virtue of the Act of the Legislature passed at its special session, and approved November 26, 1887, entitled 'An Act to Repeal an Act entitled an Act relating to the Justices of the Supreme Court, approved October 15, A. D. 1886, and to re-enact the laws thereby repealed,' my commission had expired, and consequently that I had no jurisdiction to take the defendant's plea.

"Mr. Rosa, on behalf of the defendant, contended that the said Act was unconstitutional and void, and I thereupon under the powers conferred upon me by Section 834 of the Civil Code and of all other powers enabling me, do hereby reserve the question raised, that is to say : Is the said Act of November 26, 1887, constitutional or not ? for the consideration of the Court in Banco.

"RICHARD F. BICKERTON,

"Justice of the Supreme Court.

"January 3, 1888."

---

Mr. Justice Bickerton was appointed and commissioned as Third Associate Justice of the Supreme Court on the 28th of December, 1886. The Act of 26th November, 1887, repeals in terms the Act of 1886, in pursuance of which Justice Bickerton was appointed, and re-enacts certain statutes which by that Act were repealed, the intention of the Act of 1887 being to repeal the existing provisions of law that the Supreme Court shall consist of a Chief Justice and four Associate Justices, and to provide that it shall consist of a Chief Justice and two Associates.

The Constitution, Article 65, provides that the Supreme Court shall consist of a Chief Justice and not less than two Associate Justices. It is within the power of the Legislature to increase the number of Associate Justices by statute.

It is likewise within its power by statute to reduce again the number to not less than two Associate Justices, unless some appointment made under the statute authorizing the appointment of more than two Associates shall have prevented this. We presume it would be competent for the Legislature in a contingency of there being but a Chief Justice and two Associate Justices in commission, to enact that no further appointments should be made, and that they should constitute the Supreme Court. The fact that there was a Third Associate Justice in commission (Mr. Justice Bickerton) when the Act of 1887 was passed, raises the question whether this Act, which purports to destroy his office, is constitutional.

Before this Act went into effect a Fourth Associate Justice, Mr. S. B. Dole, was appointed.

The articles of the Constitution relating to the Supreme Court are from 64 to 72 inclusive. Article 65 of the Constitution prescribes that the Justices shall hold their offices during good behavior, subject to removal upon impeachment, and by the Legislature for cause, as fully set forth in the said article. This article defines the tenure of office of a Justice of the Supreme Court. It is not limited to those who happen to be in office when the Constitution was promulgated. The fundamental law creates the tenure and prescribes that whoever shall be appointed to this office thereafter shall hold during good behavior.

To claim that the Chief Justice and two of the Associate Justices shall hold office by this tenure, and that additional Justices hold subject to the will of the Legislature, would be in effect to admit that they were not Justices of the Supreme Court.

The office of a Justice of the Supreme Court is created by the Constitution, which vests the judicial power of the Kingdom in this one Supreme Court. The Constitution has placed this

Court beyond the control of the Legislature, but adds that this judicial power is also vested in inferior courts over which the Legislature has power, for it can create them and prescribe the tenure of office of the Judges of these Courts. By the 66th Article the judicial power can be distributed by the Legislature among the Supreme Court and the inferior courts ; but this does not create the office of a Justice of the Supreme Court, or define the tenure by which it is to be held, nor does any article of the Constitution grant such power to the Legislature.

A Justice of the Supreme Court, when appointed, holds his office in accordance with Article 65 of the Constitution—that is, during good behavior. A statute which, in terms or by implication, prescribes any other tenure of office would be contrary to the Constitution. Suppose, for example, the Act of 1886 had read that the additional Justices should hold office only so long as the Act remained unrepealed. It would be apparent that this would make the tenure of their office at the will of the Legislature, whereas the Constitution says they shall hold office during good behavior.

But a statute of this nature would be, in effect, what is claimed for the Act of 1887 under consideration, for it undertakes by repealing the law which authorized his appointment to remove a Justice of the Supreme Court. This cannot be done, for it is not one of the methods of removal prescribed by the Constitution.

It is claimed that one Legislature cannot bind a succeeding one ; and that since the Legislature of 1886 enacted the law providing for two additional Justices, the Legislature of 1887 can repeal this law.

On this question Chief Justice Marshall, of the Supreme Court of the United States, says : "The principle asserted is that one Legislature is competent to repeal any Act which a former Legislature was competent to pass, and that one Legislature cannot abridge the powers of a succeeding Legislature. The correctness of this principle, so far as respects general legislation, can never be controverted. But if an Act be done under

a law, a succeeding Legislature cannot undo it. The past cannot be recalled by the most absolute power. * * * When, then, a law is in its nature a contract, when absolute rights have vested under that contract, a repeal of the law cannot divest these rights." *Fletcher vs. Peck*, 6 Cranch, 87–148.

But without deciding whether the acceptance of an office with a definite term amounts to a contract, it is sufficient to say that the organic law of this Kingdom does not confer upon the Legislature the power to legislate upon the tenure of office of a Judge of the Supreme Court. It is not a subject within its jurisdiction, and the Legislature is not competent to pass any law abridging it. The exerc se of such a power would be *ultra vires*.

At this late day no one can seriously question the wisdom of thus placing the superior judiciary in a position of complete independence of the executive or legislative branches of the Government.

" The independence of the judicial department of the Government is at once the anchor of our stability, the prop of our strength, and the shield of our defence." *The State vs. Jumel*, 30 La.

In *The People vs. Dubois*, the Supreme Court of Illinois held that as the office of Circuit Judge is created by the Constitution, which also fixes the term, though the Legistature may increase the number of circuits it cannot deprive a Judge of his office and compensation by creating new circuits of the territory from which he was elected. Once elected, he holds his office under the Constitution, unless removed by address or impeachment. 23 Ill., 498.

The same Court in *The People vs. Bangs*, 24 Ill., 184, reiterated this principle and said of a Circuit Judge whose appointment was under the Constitution : " But there is a Judge still remaining in office, upon whom the burden of performing circuit duties in the twenty-third circuit still devolves, and whom the Legislature have not, and could not, deprive of his office by the passage of any law."

Judge Story, in *Martin vs. Hunter's Lessees*, 1 Wheatón, 304, in commenting upon Section 1, Article 3, of the Constitution of the United States, which reads as does the Hawaiian Constitution, "The Judges shall hold their offices during good behavior and shall at stated times receive for their services a compensation which shall not be diminished during their continuance in office," says, " Could Congress create or limit any other tenure of the judicial office?   Could they refuse to pay, at stated times, the stipulated salary, or diminish it during their continuance in office?   But one answer can be given to these questions ; it must be in the negative."

In *People vs. Burbank*, 12 California, 378, the Supreme Court of that State say that " If the people declare and ordain in their Constitution that an office shall be held by a particular tenure, it would be as much a usurpation in the Legislature to alter that tenure as it would be in the Governor to commission for a longer period than directed by the Legislature."

In an opinion rendered by the Justices of the Supreme Court of Massachusetts to the Governor, in 3d Cushing, 585, they say, " If therefore the Legislature should, through inadvertence, constitute a judicial office, and prescribe any other tenure than that prescribed by the Constitution, such provision in the statute must yield to the paramount authority of the Constitution."

In *State vs. Jumel*, 30 Louisiana Ann., 861, it was held " When a Judge has acquired his office in the mode prescribed by the Constitution, he has a vested right in its emoluments during the term fixed by the Constitution for its duration, and his right cannot be impaired by an act of the Legislature, passed during said term, abolishing the office."

But it may be contended that though the Act of 1887 under consideration is inoperative to remove Mr. Bickerton from his office as a Justice of the Supreme Court, it has shorn him of his functions as a Judge and his judicial power is gone.   But power, judicial authority and jurisdiction constitute the office of a Judge, and are of the essence of it and inseparable from it, and the office cannot remain and the functions be severed from it. If a Judge at all, he has all the powers of a Judge.

*Commonwealth vs. Gamble*, 62 Pa., 343, reported in 1 American Reports, 423, is a strong authority on this point. Here the Legislature established the 29th judicial district by Act of 28th Feb., 1868, under which Judge Gamble was elected and commissioned President Judge of the district. By an Act passed March 16th, 1869, the former Act was repealed and the district abolished : Held, that the Act of 1869 was invalid, as being an attempt substantially to abolish the office of President Judge of the 29th district. Says the Court : " the term of the judicial office is fixed by the Constitution and it is beyond the power of the Legislature to diminish it. The power, authority and jurisdiction of an office are inseparable from it. The Legislature may diminish the aggregate amount of duties of a Judge by a division of his district, or otherwise, but must leave his authority and jurisdiction pertaining to the office intact."

The office of a Justice of the Supreme Court is created by the Constitution as is also its tenure and its amenability, and this excludes all other modes, and it must follow that any legislation which infringes upon these is unconstitutional and invalid, and we therefore hold that the Act in question is unconstitutional and void, and that Mr. Justice Bickerton had jurisdiction to take the plea of the defendant.

----

### CONCURRING OPINION OF McCULLY, J.

In stating my concurrence with the opinion of the Court as delivered by the Chief Justice, it is not necessary to go over the whole ground as it has been discussed, or to re-state the authorities quoted, or quote further authorities in support of the result we have arrived at. This is not a case in which there is any conflict of authorities.

The Act of 1886 required that to constitute the Supreme Court there should be a Chief Justice and four Associate Justices. Article 65 of the Constitution in prescribing that the Supreme Court shall consist of a Chief Justice and not less than two

Associate Justices, plainly provides for the creation of more than two Associate Justices by statute. But when a statute is enacted requiring more than two Associate Justices and such additional Justices have been commissioned, they become Justices of the Supreme Court. How then can it be considered that the Constitution does not apply to them? By Article 65, Justices hold their offices during good behavior, subject to removal by impeachment or upon resolution of two-thirds of the Legislature for good cause shown, after a trial before the Legislature. These terms exclude a power of removal by any other method.

The Constitution controls the Legislative power, and when this has limited and prescribed the methods by which a Justice of the Supreme Court may be removed from office, it is not within the power of the Legislature to remove him by another method. But the Act of 1887 directly removes from office any third or fourth Associate Justice holding a commission on the 31st day of December. It therefore conflicts with the Constitution. The Act of 1887 was within the Legislative power to enact provided there had been no existing appointments under the Act of 1886. The Constitution requiring but three Justices of the Supreme Court, no more need be required by the statutes which carry out the requirements of the Constitution. When the statutes enact that there shall be more than three, it is necessary for the legal constitution of the Court that the required number shall be commissioned. It is not essential that the whole number shall sit in every case or in any. case. The decisions of a majority of the justices are final and conclusive. Article 69.

By Article 10, no person shall sit as a judge in any case in which he or his relative may have any pecuniary interest. Sickness or temporary absence from the Kingdom may likewise prevent the sitting of a Justice. If a majority sit, and a majority agree in the decision of the case, there is a valid decision of a legal court. Yet the Court requires for its legal status the whole number of Justices to be in commission. Being in commission, the doctrine of vested rights applies. Absolute rights have

vested in the holder of the appointment for life or good behavior, subject to removal only by prescribed methods, for impeachable cause or for other cause which a two-thirds of the Legislature shall find sufficient, and the King satisfactory. Article 65.

Insanity or physical disability to perform duty may be instanced as grounds for the latter procedure.

It is not conceivable that the office can be abolished without a violation of the vested rights of the Justice so ousted.

The supposable continuance of his salary does not satisfy his rights. He has a right to the powers and honor of the office for the term for which he was elected or appointed.

We are brought by every course of reasoning to the same result, namely, that the appointments under the Act of 1886 are brought under the provisions of the Constitution; that they cannot be distinguished from the appointments which the Constitution prescribes shall as a minimum be made.

A conclusion to the contrary would be in conflict with all the authorities, and unsupported by valid reasoning.

CONCURRING OPINION OF PRESTON, J.

I concur in the opinion delivered by the Chief Justice, and in the declaration that the Act in question is unconstitutional and therefore void, and have but little to add.

It was argued by the Attorney-General that as the offices of Third and Fourth Associate Justices were created by an Act of the Legislature, therefore the offices might be abolished by another Legislature repealing such law; and he also contended that such offices were held by virtue of such law only. But he conceded that if the offices were held by virtue of the law and under the Constitution, the law in question would be unconstitutional.

Article 65 of the Constitution of Kamehameha V. provides that the Supreme Court shall consist of a Chief Justice and not less than two Associate Justices; and that the Justices shall

hold their offices during good behavior, subject to removal by impeachment, etc.

Article 66 provides that the tenure of office in the inferior courts shall be such as shall be defined by the law creating them.

The Legislature, by the law of 1886, having full authority to do so, enacted that the Supreme Court should consist of a Chief Justice and four Associate Justices.

Mr. Justice Bickerton was appointed Third Associate Justice under this Act on the 28th December, 1886, and thereupon became a Justice of the Supreme Court, the only Court established by the Constitution, and consequently held his office under the Section 65, and subject only to removal in terms of such section.

This Kingdom had obtained by the Constitution of Kamehameha III. and by that of Kamehameha V. a tenure of office for the Justices of the Supreme Court free and independent from the control of the Crown and the Legislature—a position which had only been obtained in some other countries after years of agitation and struggling with the Crown; and it would be, in my opinion, a blow to the independence and integrity of the Justices of this Court, if it could be considered an open question as to the power of the Legislature to interfere with or in any way alter the tenure of their offices.

The new Constitution, in Article 65, adopts the then existing law, and by Article 81 declares that " all officers of this Kingdom, at the time this Constitution shall take effect, shall have, hold and exercise all the power to them granted," they being required to take an oath to support the Constitution within sixty days from its promulgation. It therefore seems to me that the position of Mr. Justice Bickerton was recognized by the Constitution.

I cannot, in conclusion, say more than was said by that great and learned Judge, Chief Justice Marshall, in the case of *Marbury vs. Madison*, 1 Cranch, 177 : " The Constitution is either a superior, paramount law, unchangeable by ordinary means, or it

is on a level with ordinary legislative Acts, and, like other Acts, is alterable when the Legislature shall please to alter it. If the former part of the alternative be true, then a legislative Act contrary to the Constitution is not law; if the latter part be true, then written constitutions are absurd attempts on the part of the people to limit a power in its own nature illimitable."

The Act in question is, in my opinion, absolutely void.

*C. W. Ashford* (Attorney-General), for the Crown.

*A. Rosa* and *F. M. Hatch*, for defendant.