(No. 24822.— )

JOHN J. A. LINEHAN, Appellant, *vs.* THE TRAVELERS INSURANCE COMPANY, Appellee.

*Opinion filed December 15, 1938.*

DONALD T. WINDER, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (WILLIAM H. SYMMES, DAVID JACKER, and JOHN M. O'CONNOR, JR., of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

In an action brought by the plaintiff, John J. A. Linehan, against the defendant, the Travelers Insurance Company, in the circuit court of Cook county, a jury returned a ver-

dict in the plaintiff's favor for $1060. Hon. John M. Reid, judge of the city court of Marion, presided at the trial, and, so far as the record discloses, without objection by plaintiff. Defendant's motion for judgment *non obstante veredicto* was granted and, on April 16, 1937, judgment was rendered for defendant. Thereafter, on May 4, 1937, plaintiff filed a notice of appeal to the Appellate Court for the First District, and a *praecipe* for record on May 13. An agreed statement of facts was certified to by the trial judge on December 21, 1937. The record was filed in the Appellate Court too late to comply with the applicable rule. Plaintiff then sought to have the cause re-docketed as an application for leave to appeal within one year. He also filed a motion asking the court to permit an amendment of the record by withdrawing the notice of appeal previously filed. On March 25, 1938, the Appellate Court dismissed plaintiff's application for leave to appeal, for want of jurisdiction. Subsequently, on April 23, he filed in the circuit court a motion to correct errors of fact under section 72 of the Civil Practice act. The relief asked was that the judgment of April 16, 1937, be vacated and the cause re-docketed and set for trial. By his motion, supported by affidavit, plaintiff alleged that the executive committee of the circuit court of Cook county lacked authority to request Judge Reid to sit in one of its branches and to assign the cause to him; that the presiding judge was, accordingly, a mere volunteer, and that all proceedings, including and after the assignment of the cause to him, were void. Defendant interposed a motion to strike averring that the appointment of Judge Reid was valid; that there was no error of fact alleged in the motion; that even if the matters alleged constituted an error of fact, section 72 was inapplicable; that plaintiff had waived any question of Judge Reid's qualification to try the cause, and that after the Appellate Court had dismissed plaintiff's appeal he sought unsuccessfully to have the order of dismissal vacated and the cause transferred to this court

upon the same grounds as those advanced in support of his motion. From the order of May 13, 1938, dismissing plaintiff's motion and entering judgment for defendant for costs, plaintiff prosecutes this appeal.

The only issue which requires consideration is whether the authority of a city court judge to sit in the circuit court of Cook county can be challenged by a motion under section 72 of the Civil Practice act. Section 72, so far as pertinent, (Ill. Rev. Stat. 1937, chap. 110, p. 2406,) provides: "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." The purpose of the writ of *coram nobis* at common law, and of the motion substituted for it by section 72, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. (*People v. Ogbin,* 368 Ill. 173; *Chapman v. North American Life Ins. Co.* 292 id. 179; *People v. Noonan,* 276 id. 430.) The statutory motion in the nature of the writ is not available to review questions of fact which arise upon the pleadings in the original proceeding or to correct errors of the court upon questions of law therein. *Jacobson v. Ashkinaze,* 337 Ill. 141; *Marabia v. Mary Thompson Hospital,* 309 id. 147.

Plaintiff contends that his motion presented the question of fact whether a city court judge can preside at a trial in the circuit court of Cook county. To support this contention he urges the invalidity of section 6 of the City Court act which empowers judges of city courts to interchange with each other and with the judges of the circuit, superior, county and probate courts of Cook and other counties, hold court for each other and for judges of the courts

enumerated, and perform each other's duties and the duties of judges of such courts, when they find it necessary or convenient. (Ill. Rev. Stat. 1937, chap. 37, p. 1027.) Judge Reid was, in any event, a *de facto* judge under the statute. (*People* v. *Bangs,* 24 Ill. 184.) The decisive question presented by plaintiff's motion of whether Judge Reid was a *de jure* judge is a question of law and not of fact. Since the motion did not present errors of fact for correction but attempted to raise a question of law it did not come within the contemplation of section 72 of the Civil Practice act, and was properly dismissed.

The order and judgment of the circuit court of May 13, 1938, are affirmed.

*Order and judgment affirmed.*