(No. 27389.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM A. DOSS, Plaintiff in Error.

*Opinion filed November 16, 1943.*

A. M. FITZGERALD, and WALTER T. DAY, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and OLIVER D. MANN, Special State's Attorney, for the People.

MR. JUSTICE FULTON delivered the opinion of the court:

January 15, 1942, the grand jury of Piatt county returned into the circuit court of said county an indictment against the plaintiff in error, William A. Doss, charging him with criminal libel fully set forth in the said indictment.

After motion to quash was denied, the defendant pleaded not guilty. Motion to set aside the verdict and grant a new trial was denied and the judgment of conviction and sentence followed. The cause was improperly brought to this court on writ of error and transferred to the Appellate Court for the Third District, because there was no question involved which would give this court jurisdiction and because the crime alleged was

a misdemeanor. The Appellate Court affirmed the judgment and sentence of the circuit court. The plaintiff in error now brings the case to this court by writ of error seeking to reverse the judgment of the Appellate Court.

The October grand jury for Piatt county was impaneled on October 6, 1941. On November 10, 1941, the grand jury filed a petition in the circuit court of that county asking for a special prosecutor because they believed the State's Attorney might be called as a witness before that body. On December 15, 1941, the court appointed Oliver D. Mann, an attorney from Danville, Illinois, as a special prosecutor.

The indictment returned on January 15, 1942, charged the defendant with unlawfully and maliciously contriving and intending to vilify and defame Carl I. Glasgow, State's Attorney of Piatt county, and to bring him into public scandal and disgrace by printing and publishing in a certain publication, called *The Liberty Press* on April 24, 1941, in the city of Monticello, Illinois, a certain false, scandalous, malicious and defamatory libel. The indictment contained two counts. Count 1 contained the following alleged libelous matter: ·

"Carl Glasgow (meaning Carl I. Glasgow) is not a fair and impartial prosecutor,—no sir, (1) in the Muse case I say he (meaning Carl I. Glasgow) is either persecutor, or an unfair prosecutor there, (2) in the Ard case, or should be case, he (meaning Carl I. Glasgow) wrongfully shields that man; (3) (a) in the recent Bell Criminal Case he (meaning Carl I. Glasgow) wrongfully fails to prosecute; (b) and that was my truck more than the Bell's for which we got out the complaint, I wrote it; he (meaning Carl I. Glasgow) wrongfully uses and bargains the dismissal of that Criminal case, totally ignores my rights as a citizen, to get the sheriff his (meaning Carl I. Glasgow) client out of a bad civil damage suit;! (4) He (meaning Carl I. Glasgow) basely and wrongfully threatened and asserted falsely to Dwight Doss, as a fact that father Muse would be indicted for bribery in that bastardy case! unless (?) or if (?) somebody (?) did not do ? ? What did he (meaning Carl I. Glasgow) mean? He (meaning Carl I. Glasgow) failed on this threat! Why did he (meaning Carl I. Glasgow) make it?

"Yes, in my judgment Carl Glasgow (meaning Carl I. Glasgow) would have a hard time, a very hard time indeed,— to save his State's Attorney commission in not being taken from him (meaning Carl I. Glasgow), if he (meaning Carl I. Glasgow) were prosecuted for these and various acts of malfeasance in office (meaning thereby to charge that the said Carl I. Glasgow had been guilty of conduct unbecoming a member of the legal profession to such an extent that his license to practice law could be taken from him by the Supreme Court of the State of Illinois) but he (meaning Carl I. Glasgow) need not worry, I'll give him (meaning Carl I. Glasgow) no such direct trouble— I'll do mine locally and all in the open,—and right thru 'Liberty' so if I am wrong on my facts or actions, I am liable for damages and ready to go to jail, but I think the public is honest and fair, and it will stand by me now, it begins to see things!; I know I have tackled a gigantic machine, tis a big one, it goes all over Piatt county and even over into other counties for their help,—but I'm watching those angles too!"

Count 2 contained the following alleged libelous matter:

"I propose now to send a statement of this situation to the office of the Governor and Attorney General of Illinois and to the President and Secretary of the State Bar Association and to N. E. Hutson, as President of the Piatt County Bar Association— if that sort of a lieing and deceitful man (meaning Carl I Glasgow and meaning thereby to charge that the said Carl I. Glasgow was untruthful, a liar and a cheat) can fill the State's Attorney's chair of this County—then, indeed, is the life, liberty and property of every person in jeopardy who happens to refuse to swear allegiance to the 'Monticello Bar Gang Attorneys'."

The plaintiff in error filed a motion to quash the indictment consisting of sixteen pages. Much of the space was devoted to entirely extraneous matters. The defendant filed petitions for change of venue from two of the judges of sixth circuit and the third one disqualified himself for personal reasons. Thereupon the three judges of the sixth circuit petitioned this court to appoint an outside judge to hear the case. On March 11, 1942, we appointed Judge James V. Bartley of Joliet to preside in the trial of said cause in the circuit court of Piatt county. The motion to quash was then considered and denied.

The chief witness for the State was Carl I. Glasgow, the State's Attorney of Piatt county. He identified the various issues of *The Liberty Press* containing the alleged libelous matters. When they were introduced in evidence the defendant admitted publishing the same and also that they were distributed in Monticello and Piatt county. The defense asserted and relied upon by the accused was that the publications spoke the truth and were made without malice and for justifiable ends. He introduced testimony concerning six instances in which he insists it appears that Glasgow was not a truthful person and was either an unfair prosecutor or a persecutor. We have taken a great deal of care in examining the evidence concerning each instance and cannot find that Glasgow was in any of them unfair or untruthful. The defendant appeared for himself, and took sole charge of his defense. The record is replete with attempts by the defendant to introduce testimony wholly immaterial and incompetent. He has outlined twelve errors upon which he relies for reversal, but has only argued four main grounds.

His first contention is that the trial court should have quashed the indictment because the State's Attorney was the only witness appearing before the grand jury and that he acted in a dual capacity. It is true that Glasgow appeared as a witness before the grand jury, but since he was the one whom the defendant had allegedly libeled it was necessary that he appear before that body. The record shows that on November 10, 1941, the grand jury filed its petition for the appointment of a special prosecutor; that on December 15, 1941, Oliver D. Mann was appointed special State's Attorney; that he conducted the examination before the grand jury and that the indictment returned into the circuit court on January 15, 1942, bears his signature.

The cases of *People* v. *Strauch*, 153 Ill. App. 544, *People* v. *Gerold*, 265 Ill. 448, *Gitchell* v. *People*, 146 Ill. 175,

and *People* v. *Hartenbower*, 283 Ill. 591, cited by defendant in support of this point, are readily distinguishable from the present case and not authority for his position. We believe the appointment of a special State's Attorney to act in this case before the matter was presented to the grand jury was the regular and proper procedure.

It is next urged by defendant that the constitutional rights of freedom of speech and freedom of the press are involved in this cause and that defendant has been deprived of those rights. This argument is without merit. The Illinois constitution, article II, section 4, provides, "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense." While defendant had the right to publish on all subjects, he is responsible for the abuse of that privilege. He cites as authority the case of *Bridges* v. *State of California*, 314 U. S. 252, but from a reading of that case it is apparent it does not apply here.

It is also claimed by the defendant that two witnesses, Silver and Busick, grand jurors, were erroneously excluded from the witness stand. The testimony of these two witnesses, sought to be shown, concerned conduct of Glasgow before the grand jury many months after the questioned publication. This testimony could not possibly tend to show whether the prior publication was made with good motives and for justifiable ends, and was properly excluded.

The defendant also complains that the court gave erroneous instructions and denied others that were proper. However, in defendant's brief he has not set forth any instructions given which he complains were given improperly and he has not set forth any instructions which

were refused which he complains were wrongfully refused. It is not the duty of this court to consider this argument where no specific objection has been made to the court's actions in either giving certain instructions or in refusing certain other instructions, unless attention has been called to particular instructions. *People* v. *Hohimer,* 271 Ill. 515.

In the closing portion of the defendant's brief and argument, it is stated that the entire proceeding became confused, heated, and argumentative, and resulted in a denial of due process of law to the defendant; also that the defendant did not have a fair and impartial trial. The record convincingly shows that if there was confusion in the trial, it was brought about by the unprofessional attempts of the defendant to air in open court his personal grievances against Glasgow. The trial judge never at any time showed any impatience or unfairness in his rulings. Every opportunity was given the defendant to present his defense and if it was not skilfully handled there is no one to blame but himself. The matter contained in the indictment which was published broadcast was libelous *per se* and he failed to prove the truth of the charges. It is evident. the defendant had a great deal of feeling about the controversy and spared no language in expressing his malice and ill-will. The following article appearing in *the Liberty Press,* dated May 10, 1941, is evidence of his attitude of mind: "My day has come to call for the showdown on your gang conspiracy. Believe me, it took time and a lot of hard work to get the dope on you fellows, but fear not now boys, I know about all the holes you hid in—so you might as well come out—I've got the proof on you as a 'gang,' and if you don't believe me, sue for that libel,—I do not know how to libel you more, or I'd do it. You boys sure can take it when you have to!"

The jury in this case, after a full hearing, failed to find that the libelous publications contained in the indictment were true or that the defendant published the allegedly false statements with either good motives or for justifiable ends. The record does not disclose any reversible error and the defendant appears to have had a fair and impartial trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*