**UNITED STATES ex rel. DOSS v. LINDSLEY, Sheriff.**

No. 404–D.

District Court, E. D. Illinois.

May 13, 1944.

Parties appeared pro se.

LINDLEY, District Judge.

Petitioner, convicted of criminal libel in Piatt County Circuit Court, the judgment having been affirmed in 384 Ill. 400, 51 N. E.2d 517, and certiorari having been denied by the Supreme Court of the United States March 27, 1944, 321 U.S. 789, 64 S. Ct. 788, 88 L.Ed. 1079, petitions for a writ of habeas corpus, averring that at the time the petition was filed, the Sheriff of Piatt County was about to forfeit his bond and take him into custody in pursuance of said judgment of conviction. He avers that his constitutional rights have been violated in the state proceeding and that his incarceration would work a breach of such rights.

The situation is not greatly different from that involved in a similar petition by the same party seeking relief from another conviction for contempt of court and what I said in disposing of that matter is for the most part directly applicable here. See Doss v. Lindsley, D.C., 53 F.Supp. 427.

I am not at liberty to ignore the rule that the actions of state officials under state statutes are generally not to be interfered with by the United States Courts; that whether the proceedings of a state tribunal are in accord with the Constitution and laws is primarily a question for the state and that, as a corollary, one convicted in the state court must exhaust his remedies in the tribunals of the commonwealth before resorting to the federal courts. These controlling rules have been lately reaffirmed by the Supreme Court in Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; hence I see no necessity for further comment. Pertinent and of the same character are Kelly v. Dowd, 7 Cir., 1944, 140 F.2d 81, and Potts v. Dowd, 7 Cir., 1944, 141 F.2d 12. These late authorities only confirm the conclusion reached in Doss v. Lindsley, supra.

Accordingly it is ordered that the petition be and the same is hereby denied.

Petitioner shall remain at large upon his present bail bond for a period of thirty days for the purpose of perfecting an appeal from this order, and in case such appeal shall be perfected, until final disposition of the appeal.