**UNITED STATES ex rel. DOSS v. LINDSLEY, Sheriff.**

No. 8627.

Circuit Court of Appeals, Seventh Circuit.

Feb. 7, 1945.

Rehearing Denied March 14, 1945.

Writ of Certiorari Denied May 21, 1945.

See 65 S.Ct. 1195.

Richard E. Westbrooks, of Chicago, Ill., and William A. Doss, of Monticello, Ill., for appellant.

Oliver D. Mann, of Danville, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

Appellant was convicted of criminal libel and sentenced to serve a term of six months in the County Jail of Piatt County, Illinois. The indictment charged Doss with unlawfully and maliciously contriving and intending to vilify and defame Carl I. Glasgow, State's Attorney of Piatt County, and to bring him into public scandal and disgrace by printing and publishing on April 24, 1941, in a certain publication called The Liberty Press, a certain false, scandalous, malicious, and defamatory libel.[1] On appeal the judgment and sentence was affirmed, People v. Doss, 318 Ill.App. 387, 48 N.E.2d 213 and 384 Ill. 400, 51 N.E.2d 517. March 29, 1944, certiorari was denied by the United States Supreme Court, 64 S.Ct. 788. On April 21, 1944, appellant petitioned the District Court for a writ of habeas corpus. After a hearing, the court dismissed the petition. The order of dismissal provided that Doss should remain at large pending an appeal, and from that order this appeal is presented.

The contention is that appellant is being deprived of his liberty without due process of law in contravention of the Constitution of the United States.

In his petition appellant did not allege that he had applied to the state courts of Illinois for a writ of habeas corpus. He charged only that the publication alleged in the indictment did not constitute criminal libel; that the evidence failed to support the verdict; that the indictment and judgment were void, because the appointment of Mann as special prosecutor was beyond the powers of the Circuit Court of

---

[1] For the libelous matter set forth in the indictment, see 384 Ill. 400, 402, 51 N. E.2d 517.

Piatt County, Illinois; and that the judgment, being void, could be questioned collaterally in habeas corpus proceedings.

We think there is no merit in any of the contentions and we might well affirm the order of dismissal in the language of the District Court. "The situation is not greatly different from that involved in a similar petition by the same party seeking relief from another conviction for contempt of court and what I said in disposing of that matter is for the most part directly applicable here. See Doss v. Lindsley, D.C., 53 F.Supp. 427.

"I am not at liberty to ignore the rule that the actions of state officials under state statutes are generally not to be interfered with by the United States Courts; that whether the proceedings of a state tribunal are in accord with the Constitution and laws, is primarily a question for the state· and that as a corollary, one convicted in the state court, must exhaust his remedies in the tribunals of the commonwealth before resorting to the federal courts. These controlling rules have been lately reaffirmed by the Supreme Court in Ex parte Hawk," 321 U.S. 114, 64 S.Ct. 448; "hence I see no necessity for further comment."

Appellant admits that the District Court, as well as this court, is without jurisdiction to review the judgment of a state court, but he insists that Mann, not°being a resident of Piatt County, Illinois, was incapable of being appointed as a special prosecutor of Piatt County; that his appearance before the grand jury and the conducting by him of the proceedings rendered the indictment void. He asserts that he is not seeking a review of the judgment of a state court but the "exercise of the inherent power of this court to suspend the execution of a void judgment whose execution would result in the deprivation of a citizen of his liberty without due process of law."

██ Section 32 of Article VI of the Illinois Constitution, Smith-Hurd Stats., provides that the elective and appointive officers referred to in that article shall "respectively, reside in the division, circuit, county or district for which they may be elected or appointed." The office of state's attorney is one of those mentioned in the article. See section 22 of Article VI. There is no question as to the fact that Glasgow had been elected and that he had qualified and had acted as state's attorney of Piatt County. Section 6 of Chapter 14, Ill.Rev.St. 1943, provides that whenever the state's attorney is interested in a cause which it is his duty to prosecute or defend, the court in which such cause is pending may appoint "some competent attorney" to prosecute or defend, and the attorney so appointed shall have the same power and authority in relation to such cause as the state's attorney would have. Glasgow, the state's attorney, the person libeled, was necessarily interested in the cause which it was his duty to prosecute. Under such circumstances, the Circuit Court of Piatt County, Illinois, was authorized, on the filing of the petition by Glasgow, as state's attorney of Piatt County, to appoint "some competent attorney" as special state's attorney.

[2-4] When Mann accepted the appointment and entered upon the performance of his duties as special state's attorney he became such officer de facto. A person actually performing the duties of an office under color of title is an officer de facto, and his acts as such officer are valid so far as the public or third parties who have an interest in them are concerned, McDowell v. United States, 159 U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271; People ex rel Ballou v. Bangs, 24 Ill. 184; People ex rel. Phillips v. Lieb, 85 Ill. 484; The People v. Newsome, 291 Ill. 11, 125 N.E. 735; The People ex rel. Hicks v. Lycan, 314 Ill. 590, 145 N.E. 595, and neither his eligibility to appointment nor the validity of his official acts can be inquired into except in a proceeding brought for that purpose. Lavin v. Board of Commissioners, 245 Ill. 496, 92 N.E. 291; The People ex rel. Rusch v. Wortman, 334 Ill. 298, 165 N.E. 788, 64 A.L.R. 530; and Linehan v. Travelers Ins. Co., 370 Ill. 157, 18 N.E.2d 178. Where a court has jurisdiction of an offense, and of the accused, and the proceedings are otherwise regular, a conviction is lawful although the judge [the state's attorney] holding the court [the office of state's attorney] may be only an officer de facto. The validity of the title of such judge [state's attorney] or his right to exercise the judicial [prosecuting] functions cannot be determined on a writ of habeas corpus. Ex parte Ward, 173 U.S. 452, 454, 19 S.Ct. 459, 43 L.Ed. 765.

██ A reading of the history of the offense with which Doss was charged and the disposition of the appeal recited in People v. Doss, 384 Ill. 400, 51 N.E.2d 517, 519, shows clearly that the appellant was guilty of criminal libel as defined in section 402, chapter 38, Ill.Rev.St.1943, and that the

24

court passed upon the sufficiency of the indictment and held that "the appointment of a special State's Attorney to act in this case before the matter was presented to the grand jury was the regular and proper procedure." However that may be, we may not review in a habeas corpus proceeding the question of whether there was evidence to support the verdict or errors of law committed by the courts of Illinois, United States ex rel. Bongiorno v. Ragen, 7 Cir., 146 F.2d 349, the cases cited.

The order of the District Court will be affirmed. It is so ordered.