19 Ill.2d 424 (1960)
167 N.E.2d 553
THE PEOPLE ex rel. Chillicothe Township et al., Appellants,
v.
THE BOARD OF REVIEW OF PEORIA COUNTY et al., Appellees.
No. 35615.
Supreme Court of Illinois.
Opinion filed May 18, 1960.
Modified on motion June 14, 1960.
*425 JAMES V. CUNNINGHAM, of Peoria, for appellants.
IRWIN S. RUBELLE, and ROBERT E. HUNT, both of Peoria, for appellees.
Judgment affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
The People of the State of Illinois, upon relation of Chillicothe Township, Kickapoo Township, Limestone Township, Peoria Township, and Richwoods Township, and O.W. Hamilton, Alfred C. Goetz, Thomas Thome, L. Earl Becker and U.S. Mehl, supervisors of said townships and as individuals, brought an action in quo warranto in the circuit court of Peoria County calling upon the Board of Review of Peoria County, and J. Eugene Armes, supervisor of assessments and clerk of the board of review, to show by what warrant they claimed to have consummated or accomplished certain acts whereby the assessed valuation of all real estate in the complaining *426 townships was increased, and questioning the validity of the application of a multiplier to the assessments of each of said townships. The trial court overruled a motion to dismiss the complaint, which motion challenged the writ of quo warranto as not being the proper action to determine the matters and issues raised. Pursuant to interrogatories and hearing upon the merits the court found the Board of Review to be either legally constituted or acting with such apparent right and color of office that their acts were valid, and that the law under which they acted was constitutional.
The plaintiffs appeal directly to this court contending that the Board of Review was improperly formed, and that they failed to comply with the statute properly governing their action, thus rendering their actions unconstitutional and void.
Plaintiffs assert that the Board of Review is improperly constituted for the reason that section 8 of the Revenue Act of 1939, (Ill. Rev. Stat. 1957, chap. 120, par. 489,) provides that the board of review shall consist of two members affiliated with the party polling the highest vote and one member of the party polling the second highest vote in the general election in the county prior to the time that any appointment is made thereto. It was stipulated that two members of the Board of Review were Democrats and one was Republican, although the Republican Party had polled the highest vote in the county prior to the appointment of any of the members. A person actually performing the duties of an office under color of title is an officer de facto, and his acts as such officer are valid so far as the public or third parties who have an interest in them are concerned. (People ex rel. Phillips v. Lieb, 85 Ill. 484; People ex rel. Ballou v. Bangs, 24 Ill. 184; Leach v. People ex rel. Patterson, 122 Ill. 420.) Whether the Board of Review was legally constituted or not, the *427 persons acting as such board were performing the duties of the board with apparent right under color of office, and their acts were thus valid as to the public and persons having an interest in them. (People ex rel. Hicks v. Lycan, 314 Ill. 590.) The Board of Review was thus composed of, at least, de facto officers, and from a review of the record and the authorities presented, its acts were apparently valid.
The function of a writ of quo warranto is to question the right of the respondent who is charged with usurping, intruding into or unlawfully holding or executing any office. (People ex rel. Cromer v. Village of Maywood, 381 Ill. 337.) The writ may be employed to try the validity of the organization and title of the officers of public bodies, but it is not a proper proceeding to test the legality of the official acts of public officers. People ex rel. Nelson v. Taylor, 281 Ill. 355; People ex rel. Farrington v. Whitcomb, 55 Ill. 172.
Complainants are provided a statutory remedy for relief from alleged excessive, discriminatory or improper assessments by proceedings before the Board of Review. (People v. Illinois Women's Athletic Club, 360 Ill. 577.) Taxpayers can be heard on the question of the excessive or fraudulent character of their assessments by tax objection procedure in the county court. (People ex rel. Isbell v. Albert, 403 Ill. 469.) Jurisdiction in matters concerning the collection of and objections against taxes belongs to the county court. (Ames v. Schlaeger, 386 Ill. 160; Const. of Ill., art. VI, sec. 18.) Relief is obtainable by the taxpayers of these respective townships through protest and objection procedures in the county court. The validity of the actions of the Board of Review should be questioned in that forum. People ex rel. Hicks v. Lycan, 314 Ill. 590.
Jurisdiction to hear these issues resides in the county court of Peoria county through statutory procedures for testing *428 testing the validity of and objections to taxes. Quo warranto is not a proper action in which to determine these issues. The Board of Review of Peoria County was legally constituted as a de facto body, and the validity of its acts could not properly be questioned or determined in a quo warranto proceeding. The judgment of the circuit court of Peoria County is, therefore, affirmed.
Judgment affirmed.