# Acting Officers

An officer designated by a department head pursuant to a statute to perform the duties of a presidential appointee has the same authority as the officer for whom he acts, and may serve for an indefinite period notwithstanding the 30-day limitation of the Vacancy Act, though while acting he is entitled only to the salary of his regular position. There are, however, a number of practical and political reasons why the designation of acting officers should not be used as a substitute for appointment by and with the advice and consent of the Senate

Potential infirmities in the authority of the acting officer in any particular situation will be cured by the *de facto* officer rule.

January 27, 1982

MEMORANDUM OPINION FOR THE
DEPUTY COUNSEL TO THE PRESIDENT

This responds to the request by the Office of Presidential Personnel for a discussion of certain issues relating to the designation of the Deputy Commissioner of Immigration (Deputy Commissioner) to perform the duties of and act as Commissioner of Immigration and Naturalization (Commissioner).

## I.

The designation would be based on 28 U.S.C. §§ 509, 510 and on § 103 of the Immigration and Nationality Act (Act) (8 U.S.C. § 1103). According to 28 U.S.C. § 510 the Attorney General may authorize the performance by any officer, employee, or agency of the Department of Justice of any function of the Attorney General. 28 U.S.C. § 509 vests in the Attorney General, with certain exceptions not here relevant, all functions of the Department of Justice, including those of the Immigration and Naturalization Service. The Attorney General thus has the authority under 28 U.S.C. § 510 to direct the Deputy Commissioner to perform the duties of and to act as the Commissioner. Similarly § 103(a) of the Act authorizes the Attorney General to delegate to any employee of the Immigration and Naturalization Service (Service) or to any officer or employee of the Department of Justice any of the duties and powers imposed upon the Attorney General in the Act. He may require or authorize any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by the Act or any regulations issued thereunder upon

119

any other employee of the Service. Section 103(b) of the Act charges the Commissioner with any and all responsibilities and authority in the administration of the Service of the Act which are conferred upon the Attorney General or which may be delegated to him or prescribed by the Attorney General. The Attorney General thus has the authority to delegate to the Deputy Commissioner, or require and authorize the Deputy Commissioner to perform or exercise, any or all the powers conferred or imposed upon the Commissioner.

The principal problems relating to the designation of acting officers, discussed below, are the legal authority of the acting officer, the duration of the designation, and the compensation to which the acting officer is entitled.

1. *Authority of Acting Officers.* An acting officer is vested with the full authority of the officer for whom he acts. *Keyser* v. *Hitz,* 133 U.S. 138, 145–46 (1890). *Ryan* v. *United States,* 136 U.S. 68, 81 (1890); *United States* v. *Lucido,* 373 F.Supp. 1142, 1145 (E.D. Mich. 1974); 20 Op. Att'y Gen. 483 (1892); 23 Op. Att'y Gen. 473, 474–76 (1901).

2. *Duration of Designation (Relation to the Vacancy Act).* The Vacancy Act, 5 U.S.C. §§ 3345–3349, provides that where an officer of a bureau, who is not appointed by the department head, dies, resigns, or is sick or absent, his first assistant shall perform the duties of the office (5 U.S.C. § 3346), unless the President directs a department head or another officer of an executive department appointed by the President by and with the advice and consent of the Senate to perform the duties of the office. (5 U.S.C. § 3347.) Vacancies caused by death or resignation, however, may be filled *under these provisions* for not more than 30 days. (5 U.S.C. § 3348.) It has been the position of the Department of Justice for many years that, if vacancies are filled pursuant to 28 U.S.C. § 510 (the same would be true of § 103 of the Act), they are not filled pursuant to the provisions of the Vacancy Act, and that the 30-day limitation of 5 U.S.C. § 3348 consequently is inapplicable. This position was upheld by the courts in the analogous situations where the Deputy Attorney General or Solicitor General became Acting Attorney General pursuant to 28 U.S.C. § 508. *United States* v. *Lucido,* 373 F.Supp. at 1147–51; *United States* v. *Halmo,* 386 F.Supp. 593, 595 (E.D. Wis. 1974).

The Comptroller General takes the position that the 30-day limitation of 5 U.S.C. § 3348 must be read into all statutes authorizing the temporary filling of vacancies, because otherwise the President could circumvent the power of the Senate to advise and consent to appointments. The Department of Justice has never agreed with the Comptroller General's position in this regard. As explained below, however, the Department recognizes that the existence of this controversy makes temporary designations undesirable, especially where certain functions can be exercised only by specific officers.

3. *Compensation of Acting Officers.* Under 5 U.S.C. § 5535(b)(2) the Acting Commissioner could receive only the salary of the Deputy Commissioner.

## II.

An officer, designated by a department head under a statute such as 28 U.S.C. § 510[1] to perform the duties of an officer appointed by the President by and with the advice and consent of the Senate, thus would have the same authority as the officer for whom he acts, and he could serve for an indefinite period, longer indeed than a recess appointee whose commission expires under Article II, § 2, clause 3 of the Constitution at the end of the next session of the Senate. The only direct drawback of the status of the acting officer is that while acting he is entitled only to the salary of his regular position and not to the compensation of the officer for whom he acts.

The question is occasionally raised why the President should be put to the inconvenience of having to go through the burdensome processes of selecting officers and securing the advice and consent of the Senate as to their appointment, if the same result could be obtained through an informal designation as acting officer by a department head. The answer is more practical and political than legal. Generally the Executive has recognized that the designation of acting officers should never be used as a substitute for appointment by and with the advice and consent of the Senate but only as an interim measure during the frequently difficult and time consuming processes of selecting a candidate and securing his confirmation by the Senate.

The following considerations underlie this recognition:

1. The President has the duty under the Constitution to appoint officers by and with the consent of the Senate. An attempt to circumvent the right of the Senate to participate in the appointment process is likely to result in political reprisals and repercussions. Hearings may be held on the status of the acting official which at best are time consuming and may require embarrassing explanations.

2. While, as indicated above, an acting officer has the same legal authority as a presidential appointee, his stature as a practical matter is often somewhat inferior. He is frequently considered merely a caretaker without a mandate to take far-reaching measures.

3. In contrast to the position of the Department of Justice that an official whose acting status is derived from a statutory base other than the Vacancy Act is not subject to the 30-day limitation of 5 U.S.C. § 3348, the Comptroller General contends that 5 U.S.C. § 3348 controls the time for which all acting officers may serve, or that a provision such as 28 U.S.C. § 510 does not apply to officers whose appointment requires the advice and consent of the Senate. The Executive generally chooses to avoid, if possible, disputes with the Comptroller General in view of his congressional backing.

4. The courts have never conclusively decided the question whether the 30-day limitation of 5 U.S.C. § 3348 must be read into a statute which generally

---

[1] Most if not all of the agencies have provisions authorizing a department head to designate any officer in his department to perform any function of the department head. These provisions, which go back to the Hoover Commission Report of 1949, were first incorporated in the Reorganization Plans issued under the Reorganization Act of 1949, Pub L No 81-109, 63 Stat. 203 Since then many of these provisions have become statutory

authorizes a department head to authorize any officer or employee of the department to perform any function vested in the department head.[2] Hence in the relatively few situations where legal actions may be undertaken only by a specific officer,[3] the department has tried to avoid the taking of such action by an acting official who served for more than 30 days.[4] This legal uncertainty is a further reason indicating the importance of having the President make appointments by and with the advice and consent of the Senate and using acting designations only as an interim measure during the regular appointment process.

## III.

In many instances the potential infirmities in the authority of the acting officers discussed in the preceding parts of this memorandum will be cured by the *de facto* officer rule. Under that doctrine, a person who discharges the duties of an office under color of title is considered a *de facto* officer even if there are defects in that title. The public acts of a *de facto* officer are binding on the public; conversely, the public may safely assume that he is a rightful officer. *McDowell* v. *United States*, 159 U.S. 596, 601–02 (1895); *Waite* v. *Santa Cruz*, 184 U.S. 302, 322–24 (1902); *United States* v. *Royer*, 268 U.S. 394 (1925); *United States ex rel. Doss* v. *Lindsley*, 148 F.2d 22, 23 (7th Cir. 1945), *cert. denied*, 325 U.S. 858; *Equal Employment Opportunity Commission* v. *Sears, Roebuck and Co.*, 650 F.2d 14, 17 (2d Cir. 1981); *see also United States* v. *Joseph*, 519 F.2d at 1071 n.4. As a rule, the authority of *de facto* officers can be challenged only in special proceedings in the nature of *quo warranto* brought directly for that purpose. *United States ex rel. Doss* v. *Lindsley*, 148 F.2d 22; *United States* v. *Nussbaum*, 306 F. Supp. 66, 68–69 (N.D. Cal., 1969); F. Mechem, *Public Offices and Officers*, §§ 343, 344 (1890).

As explained in the above-cited cases, the *de facto* officer rule rests on two basic considerations. First, when a person is openly in the occupation of a public office, the public should not be required to investigate his title; conversely, an individual should not be able to challenge the validity of official acts by alleging technical flaws in an official's title to his office.[5]

A typical case of a *de facto* officer is one who has been properly appointed but who continues to serve after his term of office has expired. *Waite* v. *Santa Cruz*, 184 U.S. 302; *United States* v. *Groupp*, 333 F. Supp. 242, 245–46 (D. Maine

---

[2] In *United States* v *Joseph*, 519 F 2d 1068, 1070–71 (5th Cir 1975), *cert. denied*, 424 U.S. 909 (1976), 430 U S 905 (1977), the Court of Appeals seems to have assumed *arguendo* that 5 U S.C § 3348 limits the period during which an official designated pursuant to 28 U.S.C. § 510 may act The court, however, avoided the issue by holding the decision involved had been made by the Attorney General himself rather than by the Acting Assistant Attorney General, who had merely transmitted it, and that in any event the *de facto* officer doctrine, discussed in part III *infra*, applied.

[3] In the Department of Justice this involves especially certain orders and authorizations within the competence of the Criminal and Tax Divisions

[4] At times the Department of Justice was able to obviate this difficulty by having the acting official sign the document in his permanent rather than in his acting capacity, or by having it signed by his superior.

[5] Another rationale for the *de facto* officer rule is that a person should not be able to submit his case to an officer and accept it if it is favorable to him, but challenge the officer's authority if the latter should rule against him *Glidden Company* v. *Zdanok*, 370 U S. 530, 535 (1962).

1971), *aff'd*, 459 F.2d 178, 182 n.12 (1st Cir. 1972). This consideration is of particular importance if the status of the acting officer should be attacked on the ground that 5 U.S.C. § 3348 is applicable to designations of acting officers, so that their authority expires 30 days after their designation.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*
