# Applicability of Appointment Provisions of the Anti-Drug Abuse Act of 1988 to Incumbent Officeholders

Provisions of the Anti-Drug Abuse Act of 1988 requiring appointment by the President with the advice and consent of the Senate for certain positions within the Department of Justice do not affect the tenure of incumbent officeholders who were appointed by the Attorney General.

December 12, 1988

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
FOR ADMINISTRATION

## Introduction and Summary

This memorandum responds to your request of November 30, 1988, for the opinion of this Office on the effect of provisions in the Anti-Drug Abuse Act of 1988 ("Act") requiring appointment by the President with the advice and consent of the Senate for certain positions within the Department of Justice.[1] Specifically, you would like our opinion on the effect of the new advice and consent requirement on those persons currently holding those positions under appointments from the Attorney General. For the reasons set forth in this memorandum, we believe that the tenure of the incumbent officeholders is unaffected by this legislation. Congress has not indicated an intention to apply the advice and consent requirements retroactively to the officers currently holding the affected positions. Moreover, we believe that any attempt by Congress to, in effect, remove an executive officer by the retroactive application of new requirements for appointment would be unconstitutional.

While we thus are confident that as a matter of law these incumbent officeholders have full authority to act, we recognize that this authority may be challenged. In order to avoid any risk that litigation would cast doubt on the validity of any action taken by incumbent officeholders, you may wish to recommend that the Attorney General issue a conditional designation of the incumbent officeholders as acting officials—a designation that would be employed only in the event that a vacancy were determined to exist in a judicial proceeding adverse to our conclusion. In this manner the Department would both preserve its position

---

[1] The affected positions are the Director of the Bureau of Justice Assistance, the Director of the Office for Victims of Crime, and the Director of the United States Marshals Service.

that the incumbent officeholders continue to occupy their offices and yet validate their actions in the unlikely event a court disagrees with this position.

## Analysis

As part of the Anti-Drug Abuse Act, Congress changed the method of appointment of three officers of the Department of Justice. These officers, the Director of the Bureau of Justice Assistance, the Director of the Office for Victims of Crime, and the Director of the United States Marshals Service, previously were appointed by the Attorney General. Under sections 6071, 7123, and 7608 of the Act respectively these officers are to be appointed by the President, by and with the advice and consent of the Senate.[2] Although each of the provisions purports to "establish" an office, in point of fact the offices already exist either by explicit statutory enactment or by a delegation from the Attorney General pursuant to 28 U.S.C. § 510 and these provisions do not in any way purport to change the functions of these offices. Moreover, neither the language nor legislative history of these provisions suggests that Congress intended to abolish the existing offices and instantaneously replace them with "new" offices bearing the same titles and performing the same functions.[3] Accordingly, we believe that these provisions are not to be construed to effect a removal of incumbent officeholders and thus that the new advice and consent requirements do not apply retroactively to these officials, but only to their successors.

Moreover, a construction of the provisions that would effect a removal of the incumbent officeholders would raise the most serious constitutional questions. The Department has consistently maintained that Congress cannot terminate the terms of incumbent officeholders. *See, e.g.*, Letter for Senator William V. Roth, Jr., from Robert A. McConnell, Assistant Attorney General, Office of Legislative Affairs (June 20, 1984) (legislation that would have required the reconfirmation of incumbent officeholders upon the election of a President was unconstitutional); Letter for David A. Stockman, Director, Office of Management and Budget, from Robert A. McConnell, Assistant Attorney General, Office of Legislative Affairs (June 27, 1983) (legislation terminating terms of certain directors

---

[2] Section 6091 of the Anti-Drug Abuse Act of 1988, 134 Cong. Rec. 33,194 (1988), amends 42 U.S C. § 3741(b), which provided for the appointment of the Director of the Bureau of Justice Assistance by the Attorney General, by requiring that the Director "be appointed by the President, by and with the advice and consent of the Senate." Section 7123 of the Act, 134 Cong. Rec. 33,307 (1988), establishes within the Department of Justice an Office for Victims of Crime, to be headed by a Director "who shall be appointed by the President, by and with the advice and consent of the Senate." Section 7608 of the Act, 134 Cong. Rec. 33,251 (1988), establishes the United States Marshals Service as a bureau within the Department of Justice. The Marshals Service is to be headed by a Director, "who shall be appointed by the President, by and with the advice and consent of the Senate."

[3] The only reference in the legislative history to Congress' intent regarding these provisions concerns the Director of the United States Marshals Service. A section-by-section analysis of the U.S Marshals Service Act of 1988, which eventually became section 7608 of the Anti-Drug Abuse Act of 1988, indicates that appointment of the Director was made subject to the advice and consent of the Senate because it was "consistent with the similar status accorded Assistant Attorneys General and heads of other major Department of Justice divisions." 134 Cong. Rec. 27,422 (1988). In addition, it was thought anomalous to have "an Attorney General appointee supervising the activities of 93 Presidentially appointed Marshals." *Id*

287

of Export Import Bank was unconstitutional). In particular, the Department has indicated that the retroactive application of an advice and consent requirement to an incumbent officeholder would unconstitutionally effect removal of that officer. *See* Memorandum for Fred F. Fielding, Counsel to the President, from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel (Nov. 24, 1982); Letter for Representative Chet Holifield from Joseph T. Sneed, Deputy Attorney General (Mar. 5, 1973). Indeed President Nixon vetoed legislation that would have applied a new advice and consent requirement to the incumbent Director and Deputy Director of the Office of Management and Budget on the ground such retroactive application would amount to a "forced removal by an unconstitutional procedure." Veto Message of May 18, 1973, *Pub. Papers of Richard Nixon* 539 (1973).

We agree with this precedent and believe that retroactive application of Anti-Drug Abuse Act's advice and consent requirements would unconstitutionally effect a Congressional removal of officers of the United States who had been validly appointed by the Attorney General. *Myers v. United States*, 272 U.S. 52, 122 (1926), makes clear that the removal of officers of the United States prior to the expiration of their terms is vested exclusively in the President or in subordinate executive branch officials acting under his supervision. Indeed, the square holding of *Bowsher v. Synar*, 478 U.S. 714 (1986), is that Congress cannot remove officers of the United States by means other than impeachment.[4] Unless and until Congress chooses to invoke its impeachment power, it cannot interfere with the tenure of a validly-appointed executive officer.[5]

It is, of course, a cardinal principle of statutory construction that statutes should be construed, if possible, so as to avoid constitutional questions. *Association of Machinists v. Street*, 367 U.S. 740, 749 (1961); *Ashwander v. TVA*, 297 U.S. 288, 347 (1936). In the absence of any indication of a legislative intent to apply these provisions retroactively, and mindful of the serious constitutional objections that would be raised by a contrary reading, we conclude that the advice and consent provisions have prospective effect only and thus do not apply to the incumbent officeholders.

Although we have full confidence in the foregoing analysis, we note also that the de facto officer doctrine, as least as traditionally understood, would place the acts of these officers beyond legal challenge regardless of defects in their titles.

---

[4] Congress can, of course, enact legislation permanently abolishing an office, in which case the incumbent would no longer have a position to occupy.

[5] The fact that two of these offices (the Director of the United States Marshals Service and the Director of the Office for Victims of Crime) were created by order of the Attorney General rather than by specific statutory enactment does not change our analysis. *See* Att'y Gen. Order No. 516–73, 38 Fed. Reg. 12,917 (1973); Att'y Gen. Order No. 1079–84. Congress has by statute vested the Attorney General with the authority to take certain measures, including the creation of inferior offices within the Department of Justice, to carry out the functions of his office. 28 U.S.C. § 510. Congress has now chosen to give these offices a more explicit statutory basis. The fact remains, however, that these offices were originally created pursuant to statutory authority Moreover, Congress has not changed the functions of these offices· the Director of the United States Marshals Service and the Director of the Office for the Victims of Crime, have essentially the same tasks as they had before the enactment of the Anti-Drug Abuse Act Accordingly, these offices are analytically indistinguishable, for purposes of the retroactive application of the advice and consent requirement, from any office created explicitly by statute.

The courts have traditionally held that "[a] person actually performing the duties of an office under color of title is an officer de facto, and his acts as such officer are valid so far as the public or third parties who have an interest in them are concerned." *National Ass' n of Greeting Card Publishers v. United States Postal Service*, 569 F.2d 570, 579 (D.C. Cir. 1976) (quoting *United States ex rel. Doss v. Lindsley*, 148 F.2d 22, 23 (7th Cir.), *cert. denied*, 325 U.S. 858 (1945)), *vacated and remanded on other grounds*, 434 U.S. 884 (1977). There is doubt, however, about the continued viability of the traditional understanding of the doctrine, at least in the D.C. Circuit, as a result of Judge Wright's opinion in *Andrade v. Lauer*, 729 F.2d 1475 (D.C. Cir. 1984). There the court permitted a challenge to the acts of allegedly improperly appointed officers, holding that the purpose of the de facto officer doctrine (which the court identified as avoidance of wholesale invalidation of past actions through collateral attacks by third parties) could be served by requiring the plaintiff (1) to bring his suit at or around the time that the challenged government action is taken, and (2) to prove that the agency or department involved has had reasonable notice of the claimed defect in the officer's title. *Id.* at 1496–97, 1499.

Accordingly, in the event that our legal analysis is rejected the Department can no longer absolutely rely on the de facto officer doctrine to preclude legal challenges to actions taken by these officials. Although we believe the risk that a court would reject our analysis is slight, it may be determined that even this level of risk is unacceptable. In that event we recommend that the Attorney General, pursuant to his authority under 28 U.S.C. § 510, also designate the incumbent officeholders as acting officers. Because of our conclusion that the tenure of these incumbents has not been (and could not be) disturbed by the Anti-Drug Abuse Act, we stress that any designation of acting officer should be made conditional upon the existence of a vacancy in that office as determined by a final court order.

## Conclusion

We conclude that the Anti-Drug Abuse Act of 1988 does not affect the tenure of the incumbent directors of the Marshals Service, the Bureau of Justice Assistance, and the Office for Victims of Crime and that these officeholders continue to have full authority to take any action necessary to fulfill their duties. We believe, however, that the Attorney General may wish to consider issuing a conditional designation of the incumbents as acting officers in the unlikely event that a final court order determines that the Anti-Drug Abuse Act has removed these officials.

DOUGLAS W. KMIEC
*Assistant Attorney General*
*Office of Legal Counsel*